

**IT IS ORDERED as set forth below:**

**Date: March 24, 2025**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| IN RE: | |
| LORAN JONES, | CASE NO. 24-40829-PWB |
| Debtor. | |
| | CHAPTER 7 |
| LORAN JONES, | |
| Objector, | |
| v. | CONTESTED MATTER |
| ROBERT SHOEMAKER, BUTTERFIELD ELECTRIC INC., CREATIVE CONTROLS, INC., CLARK CONVEYOR AND MAINTENANCE, LLC, and ABBA FREIGHT SYSTEMS, LLC, | |
| Claimants. | |

## **ORDER ON DEBTOR'S OBJECTIONS TO PROOFS OF CLAIM**

Robert Shoemaker, Butterfield Electric, Inc., Creative Controls, Inc., Clark Conveyor and Maintenance, LLC, and Abba Freight Systems, LLC ("Claimants") filed proofs of claim totaling in excess of $800,000.00 based upon a prepetition default judgment as to liability only entered against the Debtor, Loran Jones, and his nondebtor company, Loran J. Sales, Inc. ("LJS") in litigation brought by the Claimants in the Superior Court of Bartow County, Georgia.  The Debtor objects to the claims on the ground that, notwithstanding the default judgment as to liability, the Debtor did not personally guarantee LJS's debt and is not otherwise personally liable for LJS's debt and, therefore, the claims should be denied. The Claimants assert that the default judgment establishes the Debtor's liability as a matter of law.

For the reasons set forth herein, the Court concludes that the Superior Court's default judgment does not constitute a final judgment under Georgia law and, therefore, is not entitled to preclusive effect with respect to the Claimants' claims, as to liability or amount, filed in this case.

I. **Factual Background**

The prepetition litigation brought by the Claimants may be summed up as follows. The Claimants sued both the Debtor and LJS in the Superior Court of Bartow County, Georgia on Georgia state law claims of breach of contract; breach of the duty of good faith and fair dealing; unjust enrichment; account stated; negligent misrepresentation;

2

piercing the corporate veil; punitive damages; and attorney fees and expenses.  Neither LJS nor the Debtor, individually, answered the complaint.

Based upon the Debtor's and LJS's failure to answer, and upon motion of the Claimants, the Superior Court entered default judgment against LJS and the Debtor "as to liability" with a further hearing to be scheduled upon damages.

The Debtor moved to set aside the default, but the Superior Court, after a hearing, denied the motion.

Before the hearing on damages could be held, the Debtor filed his chapter 7 case. Because the Superior Court matter was stayed as to the Debtor, the damages hearing went forward as to LJS only.  The Superior Court awarded a final judgment for damages as to each Claimant against LJS only.

The Claimants have filed proofs of claim against the Debtor in the same amount as damages awarded against LJS by the Superior Court.  The Claimants contend these amounts are liquidated and the liability determination against the Debtor would result in the same damage calculation as made by the Superior Court against LJS.

II.    **<u>Legal Conclusions</u>**

The issue before the Court at this stage is straightforward:  Whether the default judgment entered by the Superior Court as to the Debtor's liability precludes a challenge to the Claimants' claims that are based upon the same default judgment?[1] The simple answer is "no."

---

[1] Because the Court finds that the default judgment as to liability is not entitled to preclusive effect in the bankruptcy claims allowance process as a matter of law, it is

3

### A. Full Faith and Credit and Issue Preclusion

The Full Faith and Credit Act requires a federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." 28 U.S.C. § 1738; *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986). Thus, this Court looks to Georgia law to determine whether a default judgment as to liability only would be entitled to preclusive effect in a Georgia court.

The Eleventh Circuit articulated the Georgia standard for issue preclusion in *Community State Bank v. Strong*, 651 F.3d 1241, 1264 (11th Cir. 2011). The court explained that a party asserting preclusion must demonstrate that (1) an identical issue (2) between identical parties (3) was actually litigated and (4) necessarily decided (5) on the merits (6) in a final judgment (7) by a court of competent jurisdiction.

The Court concludes under this standard that the Superior Court default judgment as to liability entered against the Debtor is not "final" for purposes of Georgia law and, therefore, is not entitled to preclusive effect with respect to the Debtor's liability or the amount of Claimants' claims.[2]

### B. The "Finality" Factor and Preclusion under Georgia Law

Under Georgia law, a judgment is not final for preclusive purposes unless (1) it disposes of all claims in the case and (2) appellate rights have been exhausted.

---

unnecessary to address the theory for the amounts asserted by the Claimants against the Debtor. Liability and damages against the Debtor, to the extent they exist, are reserved for another day.

[2] Because finality is determinative of the issue, it is unnecessary to examine the other issue preclusion factors.

1. <u>Whether the default judgment disposed of all claims in the case</u>

The Georgia Code provides, O.C.G.A. § 9-11-54(b):

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Simply put, a judgment that does not adjudicate all of the claims and liabilities of the parties – i.e., liability *and* damages – is not final under Georgia law. *Walker v. Robinson*, 232 Ga. 361, 207 S.E.2d 6 (1974) (examining predecessor Code provision); *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428, 535 S.E.2d 780, 781 (2000) (judgment is not final unless "it disposes of the entire controversy, leaving nothing for the trial court to do in the case"); *Griffin v. Rutland*, 259 Ga.App. 846, 578 S.E.2d 540 (2003); *In re Dowd*, 616 B.R. 212 (Bankr. N.D. Ga. 2020).

The Superior Court's default judgment as to liability did not dispose of all claims in the case. It specifically left open the issue of damages for another hearing. That hearing, with respect to the Debtor, did not occur because of his intervening bankruptcy filing.

Georgia's Civil Practice Act makes it clear that the default judgment here is not final. O.C.G.A. § 9-11-54(b) explicitly requires that a judgment disposing of fewer

5

than all claims must include an express determination of finality. The default judgment here contains no such determination.

Moreover, as noted earlier, Georgia law permits revision of a non-final judgment at any time before the entry of final judgment. O.C.G.A. § 9-11-54(b) provides that an order adjudicating fewer than all the claims in a case "shall not terminate the action as to any of the claims or parties" and remains "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Because the default judgment did not resolve all claims, did not contain an express determination of finality, and remained subject to revision, it was not final and, therefore, is not preclusive with respect to any claims filed by the Claimants in the Debtor's bankruptcy case.

2. <u>Whether the parties' exhausted their appellate rights</u>

Section 5-6-34(a) of the Georgia Code sets forth the types of judgments that may be appealed as of right to the Georgia Court of Appeals and the Georgia Supreme Court. Specifically, this provision provides that appeals may be taken from, "All final judgments, that is to say, *where the case is no longer pending in the court below*" subject to certain interlocutory rights not applicable here. O.C.G.A. § 5-6-34(a)(1) (emphasis added).

Notwithstanding the default judgment as to liability, the case remained "pending in the court below," *i.e.*, the Bartow County Superior Court, for a determination of damages and, therefore, was not final and subject to appeal.

6

Moreover, as noted in Section II.(B)(1) of this Order, if a judgment is subject to revision, it is not final. If a judgment is not final, a party may not appeal it as of right. O.C.G.A. § 5-6-34(a). If a party may not appeal a judgment as of right, it follows that a party's appeal rights have not been exhausted, and the judgment is not final under Georgia law.

### III. **Conclusion**

Because the default judgment does not constitute a final judgment under Georgia law, it does not establish the Debtor's liability or the amount of damages. As a result, the claims are subject to objection based on the Debtor's contention that he is not personally liable on the debts.

The Court shall hold a status conference regarding discovery and scheduling matters on **April 23, 2025**, at **11:30 a.m.**, in Courtroom 342, U.S. Courthouse, 600 East First Street, Rome, Georgia, which may be attended in person or via the Court's Virtual Hearing Room. A party may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on Judge Bonapfel's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on Judge Bonapfel's webpage for further information about the hearing. Parties and counsel should be prepared to appear at the hearing via video but may leave the camera

in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

**END OF ORDER**

**Distribution List**

Loran Jones
80 Old Field Road
Adairsville, GA 30103

Khristie L. Kelly
Jones & Kelly Legal Services, LLC
P.O. Box 1239
Calhoun, GA 30703

Ciara Lowe
700 Churchill Court, Suite 120
Woodstock, GA 30101

Office of the U. S. Trustee
Room 362, Richard B. Russell Bldg.
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Thomas D. Richardson
Brinson Askew Berry, LLP
615 West First Street
POB 5007
Rome, GA 30162-5513